

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00020-CR

ROBERT RAY OWENS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 32,437CR

Before Morriss, C.J., Burgess and Stevens, JJ.
Opinion by Justice Stevens

# OPINION

A Hunt County jury convicted Robert Ray Owens of possession of child pornography. *See* TEX. PENAL CODE ANN. § 43.26. After finding the State's punishment enhancement allegation true, the jury assessed a sentence of twenty years' imprisonment and a $10,000.00 fine. On appeal, Owens argues that the trial court erred in failing to suppress evidence obtained during execution of a search warrant.[1] Because we reject Owens' argument that the probable cause affidavit supporting the warrant was deficient, we affirm the trial court's judgment.

## I. Factual and Procedural Background

The evidence obtained in this case was discovered on execution of a search warrant supported by the affidavit of John T. Vance, a Texas Ranger Sergeant. Vance swore that, while on "the Internet in an undercover capacity," he connected to a computer with an Internet Protocol (IP) address of 63.246.52.48 running peer-to-peer (P2P) software that "allows users to share files with other users running compatible software on th[e] P2P file-sharing network." The affidavit stated that Vance downloaded several files containing child pornography from a computer with an IP address of 63.426.52.48, "the only IP address which shared the contents for each file downloaded."[2] The affidavit stated that the "Sheriff's Office issued an administrative subpoena requesting subscriber information from Suddenlink, an Internet service provider (ISP) responsible for IP address 63.246.52.48," and that information from Suddenlink showed that "[o]n the dates

---

[1]In cause numbers 06-19-00021-CR and 06-19-00022-CR, Owens also appeals from two other convictions for possession of child pornography, each carrying the same sentence as the one assessed here.

[2]The affidavit described, in detail, each file containing child pornography.

2

and times when the child pornography files were downloaded . . . , the subscriber to IP addresses 63.426.52.48 was reported" as "Robert Owens . . . Customer Address: 1810 Cleveland Greenville, Texas 75401." Vance's affidavit also informed the magistrate that Owens was a registered sex offender, described filenames linked to child pornography, and said the 63.426.52.48 IP address was recently seen "on the Bittorent . . . P2P file sharing network" and was "associated with files of suspected child pornography."[3]

Owens moved to suppress the evidence obtained during the execution of the search warrant. Owens argued that Vance's affidavit listed two IP addresses, 63.<u>24</u>6.52.48 and 63.<u>42</u>6.52.48, that both IP addresses could not have belonged to him, and as a result, that the warrant was not based on probable cause since the affidavit did not sufficiently describe the location to be searched. During the suppression hearing, Owens argued that the two IP addresses were "transposed numbers." The trial court disagreed with Owens' characterization of the IP addresses by stating:

> I'm looking at this, and I do see what you're saying. And let's assume for the moment, just for this discussion, that it's not a typographical error. Let's assume for a moment that these are two totally independent IP addresses. The reason I ask is because if we start with the end, which is, [o]n the dates and times when child pornography files were downloaded by your affiant, the subscriber to IP address 63.426.52.48, which is previously described as the IP address from which the child pornography was downloaded or that was trafficking in the child pornography according, again, to this affidavit, was your client.
>
> [BY THE DEFENSE]: It was, yes, Your Honor.

---

[3]Vance's affidavit specified the address to be searched as "1810 Cleveland Greenville, Texas," stated that the Hunt County Appraisal District confirmed that Owens owned the property, and listed the items to be seized in detail, including Owens' computer and cellphone. The warrant contained the same details. To the extent that Owens' brief raises a separate complaint about sufficiency of the description of the location to be searched and items to be seized, we find that complaint meritless.

THE COURT: The 246 is only mentioned twice, and neither time is it used -- the 246 IP address neither time is used to define a computer that was engaged in trafficking child pornography. Instead it seems to me that the 426 is identified as the IP address from which four complete files and two incomplete files were successfully downloaded. The 426 is identified as the only IP address which shared the contents for each file download. The 426 IP address is identified as being that of your client.

And so the 246 . . . is identified as one to which a connection was made --

. . . .

. . . [I]t just seems to me the officer says, Judge, I looked at this IP address and I found child pornography, I went to find out who a different IP address belonged to than the one that shared child pornography, because that's a different number than the one that's alleged to have shared the child pornography. And the one that shared the child pornography belongs to this defendant.

As a result of its analysis, the trial court denied Owens' suppression motion.

## II.    Standard of Review

In his sole point of error on appeal, Owens argues that the trial court erred in denying his suppression motion. "A trial court's ruling on a motion to suppress is reviewed for abuse of discretion." *Kelly v. State*, 529 S.W.3d 504, 508 (Tex. App.—Texarkana 2017, no pet.) (citing *Oles v. State*, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999)). "In performing this review, we apply 'a bifurcated standard.'" *Id.* (quoting *Myrick v. State*, 412 S.W.3d 60, 63 (Tex. App.—Texarkana 2013, no pet.)). "[A]s a general rule, the appellate courts . . . afford almost total deference to a trial court's determination of the historical facts that the record supports especially when the trial court's fact-findings are based on an evaluation of credibility and demeanor." *Id.* (quoting *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). "We 'afford the same amount of deference to trial courts' rulings on 'application of law to fact questions,' also known as 'mixed questions of law and fact,' if the resolution of those ultimate questions turns on an evaluation of credibility and

4

demeanor.'" *Id.* (footnotes omitted) (citations omitted) (quoting *Guzman*, 955 S.W.2d at 89). "We conduct a de novo review of the trial court's decisions applying applicable laws." *Id.* (citing *Carmouche v. State*, 10 S.W.3d 323, 327–28 (Tex. Crim. App. 2000)).

A search warrant cannot issue unless it is based on probable cause as shown in a sworn warrant affidavit. U.S. CONST. amend. IV; TEX. CONST. art. I, § 9; TEX. CODE CRIM. PROC. ANN. art. 18.01(b) (Supp.). "Probable cause for a search warrant exists if, under the totality of the circumstances presented to the magistrate within the four corners of an affidavit, there is at least a 'fair probability' or 'substantial chance' that . . . evidence of a crime will be found at the specified location." *Branch v. State*, 335 S.W.3d 893, 902 (Tex. App.—Austin 2011, pet. ref'd); *see Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010); TEX. CODE CRIM. PROC. ANN. art. 18.01(c) (Supp.). Probable cause "does not require that, more likely than not, the item or items in question will be found at the specified location." *Flores*, 319 S.W.3d at 702.

> When a defendant argues that a search warrant's supporting affidavit is insufficient,
>
> a reviewing court may look only to the four corners of the supporting affidavit, [but] the reviewing court should view the magistrate's decision to issue the warrant with great deference. After reviewing the supporting affidavit in "a commonsensical and realistic manner," a reviewing court must uphold the magistrate's decision so long as the magistrate had a substantial basis for concluding that probable cause existed.

*Kelly*, 529 S.W.3d at 508 (quoting *Jones v. State*, 364 S.W.3d 854, 857 (Tex. Crim. App. 2012) (footnotes omitted) (quoting *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011)). "Although this review does not mean the reviewing court should be a 'rubber stamp,' 'the magistrate's decision should carry the day in doubtful or marginal cases, even if the reviewing court might reach a different result upon *de novo* review.'" *Id.* (quoting *Flores*, 319 S.W.3d at 702

5

(quoting W. LaFave, *Search and Seizure: A Treatise on the Court Amendment* § 11.7(c) at 452 (4th ed. 2004 & Supp. 2009–2010)). "[W]arrants should not . . . be invalidated through a 'hypertechnical' interpretation of their supporting affidavits." *Sims v. State*, 526 S.W.3d 638, 644 (Tex. App.—Texarkana 2017), *aff'd*, 569 S.W.3d 634 (Tex. Crim. App. 2019) (quoting *Taunton v. State*, 465 S.W.3d 816, 821 (Tex. App.—Texarkana 2015, pet. ref'd) (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983)).

### III. The Probable Cause Affidavit Was Sufficient

We need not resolve whether the affidavit mistakenly or accurately used two IP addresses. This is because the issuing magistrate could have reasonably inferred the following from Vance's affidavit: (1) the 63.426.52.48 IP address was the one that shared child pornography, (2) Suddenlink provided information showing that the 63.426.52.48 IP address belonged to Owens, (3) Owens was a registered sex offender, and (4) the customer address for the 63.426.52.48 IP address matched the appraisal district records showing that Owens owned the home containing the computer with the 63.426.52.48 IP address.

After applying a deferential standard to the magistrate's determination, we conclude that these facts from Vance's affidavit provided a substantial basis by which the magistrate could reasonably find there was a fair probability that child pornography would be found at Owens' residence. *See State v. Cotter*, 360 S.W.3d 647, 653 (Tex. App.—Amarillo 2012, no pet.) (finding sufficient a warrant affidavit stating that Suddenlink provided internet access to defendant at his residence and his IP address was associated with a screen name that posted images of child pornography); *Jennings v. State*, 531 S.W.3d 889, 895 (Tex. App.—Houston [14th Dist.] 2017,

6

pet. ref'd); *Gardner v. State*, 433 S.W.3d 93, 100–01 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd).  As a result, we find no abuse of discretion in the trial court's decision to deny Owens' suppression motion.  We overrule Owens' sole point of error.

## IV.    Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:    November 13, 2019
Date Decided:     November 14, 2019

Publish