

# NUMBER 13-20-00055-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JASON JESSE BECERRA,                                                  **Appellant,**

**v.**

THE STATE OF TEXAS,                                                **Appellee.**

### On appeal from the 332nd District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Hinojosa

Appellant Jason Jesse Becerra appeals the trial court's order denying his motion to suppress evidence obtained through a search warrant signed by a magistrate of non-record municipal court. *See* TEX. CODE CRIM. PROC. ANN. arts. 18.01(i); 18.02(a). By two issues, Becerra argues that: (1) the search warrant was a "mere evidentiary" warrant subject to a heightened requirement of a signature from a magistrate of a court of record,

and (2) his motion to suppress should have been granted for failure to comply with the heightened requirement. *See id.* arts. 18.01(c), 18.02(a)(10). We affirm.

## I.    BACKGROUND

On September 11, 2019, the Edinburg Police Department secured a "narcotic search warrant" to search a mobile home that was suspected to be the "stash" location for local drug distributors. The search warrant was executed on September 13, 2019, and officers seized four grams of cocaine, fourteen grams of Xanax, three-and-a-half ounces of marijuana, $1,721.00 in U.S. currency, and three cell phones. Becerra was in the home at the time of the search, and the officers arrested him. A grand jury returned an indictment charging Becerra for the manufacture or delivery of a controlled substance in penalty group one, namely cocaine, in an amount of four grams or more but less than 200 grams, a first-degree felony. *See* TEX. HEALTH AND SAFETY CODE ANN. § 481.112.

Becerra filed a motion to suppress evidence on November 13, 2019, arguing that the search warrant was executed pursuant to article 18.02(a)(10)—a "mere evidentiary" warrant, as opposed to an article 18.02(a)(7), (8), or (9) warrant. *See* TEX. CODE CRIM. PROC. ANN. art. 18.02(a). In other words, Becerra argued that the judge who issued the warrant—a City of Edinburg municipal judge—was not authorized to do so because he was not a judge of a court of record, which is required under article 18.01(c). *Id.* arts. 18.02(a), 18.01(c). Becerra sought suppression of all evidence obtained pursuant to the invalid search warrant. The items sought to be seized in the search warrant affidavit were as follows:

> An undetermined amount of cocaine and [sic] as well as other substances
> listed under the Texas Health and Safety Code, Section 481, and items

2

commonly associated with the use, packaging and sales of controlled substances, including scales, weighing devices, and measuring devices, packaging material including paper bindles, glass vials, and plastic baggies, foils, sifters, screens and cutting agents. Additionally, paraphernalia such as glass pipes, syringes and homemade needles;

Documents of sales of cocaine, and other illicit narcotics consisting of buy/sales lists; record of personal and business transactions as it relates to the purchase and sales of controlled substances;

Financial documentation of illicitly obtained monies and/or other forms of assets acquired through criminal activity and subsequent evasion of government taxes, which include, but are not limited to, federal and state tax returns, employment papers, banking records and bank books, account information, cancelled checks, deposit records income and expenditures records, property acquisition records, money market accounts and/or similar accounts, records of stocks and/or bonds purchased or exchanged; credit card records; records reflecting the rental of safe deposit boxes; safe deposit box keys; records reflecting vehicles, aircraft or vessels owned, purchased, sold or leased; and negotiable instruments;

Cellphones, DVR systems for video surveillance, computer hardware, software and data including, but not limited to central processing units (CPU's) hard disks, hard drives, written documents, whether typed or hand written, including but not limited to, computer manuals and instructions for the use of any computers and their accessories as well as documentation containing passwords. "….";

U.S. currency, negotiable instruments, securities, and other items of value including, but not limited to weapons and ammunition, which are forfeitable under applicable statu[t]es and if found the same or any part thereof, to hold such property in our possession under applicable statu[t]es, or to release the property to the appropriate agency for State or Federal forfeiture proceedings;

Articles of personal property tending to establish the existence of a conspiracy to sell cocaine, consisting of and including personal telephone books, address books, telephone bills, papers and documentation containing lists of names: Articles of indicia tending to establish the identity of persons in control of the premises including, but not limited to: keys, mail, bills, utility receipts, rental receipts, and other personal property such as clothing.

3

The State argued that the search warrant was valid pursuant to the other provisions in article 18.02(a), namely article 18.02(a)(7) for drug-related evidence, which do not have the heightened requirement. Therefore, the State argued the search warrant was properly executed even though the judge was of a non-record municipal court.

Following a hearing in which the Texas Code of Criminal Procedure articles 18.01(c), 18.02(a)(7), (9), (10) and case law referencing mixed warrants were presented as evidence, the trial court denied Becerra's motion to suppress. TEX. CODE CRIM. PROC. ANN. arts. 18.01(c), 18.02(a)(7), (9), (10). Becerra subsequently pleaded guilty and was sentenced to ten years' deferred adjudication. Becerra appeals.

## II.     MOTION TO SUPPRESS

Becerra argues that the trial court erred by not granting his motion to suppress evidence stemming from an invalid search warrant.

## A.     Standard of Review and Applicable Law

We review "a trial court's ruling on a motion to suppress by using a bifurcated standard of review, where we give almost total deference to the historical facts found by the trial court and review *de novo* the trial court's application of the law." *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011). "When a trial judge makes express findings of fact, an appellate court must examine the record in the light most favorable to the ruling and uphold those fact findings so long as they are supported by the record." *Martin v. State*, PD-0563-19, ___ S.W.3d. __, 2021 WL 1396413, at *5 (Tex. Crim. App. Apr. 14, 2021) (citing *State v. Rodriguez*, 521 S.W.3d 1, 8 (Tex. Crim. App. 2017)).

4

At issue here is whether the search warrant that was executed was a "mere evidentiary" warrant and thus subject to a heightened standard under article 18.01(c), or whether the search warrant was pursuant to other sections in article 18.02(a) and was therefore properly conducted without the heightened requirement.

Article 18.02 of the Code of Criminal Procedure sets forth the items for which a search warrant may be issued and provides in relevant part as follows:

(a)  A search warrant may be issued to search for and seize:
. . .
(4)  weapons prohibited by the Penal Code;
. . .
(7)  a drug, controlled substance, immediate precursor, chemical precursor, or other controlled substance property, including an apparatus or paraphernalia kept, prepared, or manufactured in violation of the laws of this state;

(8)  any property the possession of which is prohibited by law;

(9)  implements or instruments used in the commission of a crime; and

(10)  property or items, except the personal writings by the accused constituting evidence of an offense or constituting evidence tending to show that a particular person committed an offense.

TEX. CODE CRIM. PROC. ANN. art. 18.02(a)(4), (7), (8), (9), (10).

If the items sought to be seized are listed in articles 18.02(a)(1)–(9), then any magistrate may issue the warrant. *See id.* art. 18.01(d); *State v. Acosta*, 99 S.W.3d 301, 303 (Tex. App.—Corpus Christi–Edinburg 2003, pet. ref'd); *Scott v. State*, 868 S.W.2d 430, 432–33 (Tex. App.—Waco 1994, pet. ref'd). However, a search warrant issued under article 18.02(a)(10) is referred to as an "evidentiary warrant" or a "mere evidentiary search

5

warrant." *Jennings v. State*, 531 S.W.3d 889, 893 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd); *see Lindley v. State,* 736 S.W.2d 267, 274 (Tex. App.—Fort Worth 1987, pet. ref'd); *see also Carmen v. State*, 358 S.W.3d 285, 297 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). A search warrant issued under article 18.02(a)(10) is subject to a heightened requirement and must be signed by a judge of a court of record. TEX. CODE CRIM. PROC. ANN. art. 18.01(c).

When considering whether a warrant is subject to the heightened requirement of article 18.02(a)(10), "subdivision (10) is a catchall ground that applies *only* if subdivisions (1) through (9) [] do not." *Jennings*, 531 S.W.3d at 893 (emphasis added) (citing *Carmen*, 358 S.W.3d at 297). "If a warrant authorizes a search for both 'mere evidence' and items listed under another ground for search and seizure, the warrant is not a mere evidentiary search warrant," and the "additional findings under (a)(10) are not required." *Jennings*, 531 S.W.3d at 893.

## B.    Analysis

Becerra argues that the executed search warrant was a "mere evidentiary" warrant and is subject to the heightened requirement of a signature from a magistrate of a court of record. TEX. CODE CRIM. PROC. ANN. arts. 18.01(c), 18.02(a)(10). The State responds that the specifically described items in the search warrant are all either weapons prohibited by the penal code; or a drug, controlled substance, immediate precursor, chemical precursor, or other controlled substance property, including an apparatus or paraphernalia kept, prepared, or manufactured in violation of the laws of this state. *See id.* art. 18.02(a)(4), (7), (8), (9). Any other items sought to be seized were items which are

prohibited by law, or implements or instruments used in the commission of a crime. *Id.* art. 18.02(a)(8)–(9). Thus, the magistrate had the authority to issue the warrant and was not required to be of a court of record because the specifically described items fall within subsections (4), (7), (8), or (9) of article 18.02(a). We agree with the State for the following reasons.

Even if mere evidentiary items are included in a warrant, if the warrant includes other items under article 18.02(a), then the heightened requirement under article 18.02(a)(10) is not applicable. *See Jennings*, 531 S.W.3d at 893. Becerra's assertion that the warrant potentially sought mere evidence ignores the other items explicitly listed in the warrant, including drugs, possessions and property prohibited by law, and items used in the commission of a crime, none of which are subject to compliance under the heightened requirement of article 18.01(c). *See* TEX. CODE CRIM. PROC. ANN. arts. 18.01(c), 18.02(a)(7), (8), (9). Accordingly, we conclude that the search warrant seeks more than "mere evidence," such "that additional findings under (a)(10) are not required" and a magistrate of a non-record municipal court had the authority to sign this warrant. *See Jennings*, 531 S.W.3d at 893. Therefore, the trial court did not err in concluding that the warrant was properly issued. *See McLain*, 337 S.W.3d at 271. We overrule Becerra's sole issue.

### III.    CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
24th day of June, 2021.